C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
ANTHONY L. CLARKE, JR.,                                        :   **MEMORANDUM DECISION**
                                                               :   **AND ORDER**
                        Plaintiff,                             :
                                                               :   20-cv-1193 (BMC)
          - against -                                          :
                                                               :
COMMISSIONER OF SOCIAL SECURITY,                               :
                                                               :
                        Defendant.                             :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* seeks review of a decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not disabled for purposes of receiving disability insurance benefits and supplemental security income. Plaintiff was served with the Commissioner's motion for judgment on the pleadings and a notice pursuant to Local Rule 12.1 of his need to respond, but he did not oppose the motion. Nevertheless, in light of plaintiff's *pro se* status, I have reviewed the record to determine if there are any prejudicial errors and if there is substantial evidence to support the ALJ's decision.

The ALJ found that plaintiff had severe impairments of residual effects from surgeries on his broken right ankle in 2012 and 2013, and, unrelatedly, acid reflux disease. She also found, however, that plaintiff has sufficient residual functional capacity for sedentary work except that he needs a sit/stand option every 30 minutes allowing one or two minutes to change position, no temperature extremes, no excessive humidity, and use of a cane for walking. Since a vocational expert testified that there are sedentary jobs in the national economy that can accommodate those restrictions, the ALJ found plaintiff not disabled.

It is clear that plaintiff's ankle was badly broken; he needed hardware to stabilize it. He was treated post-surgery primarily by nurse practitioners. Plaintiff has to use a cane to walk, and has some pain in his ankle, but that should not stop him from doing sedentary work with the restrictions that the ALJ imposed. He went to the emergency room a few times in 2017 complaining of leg or ankle pain, but his examinations were essentially normal – a little tenderness on his right ankle but no swelling or atrophy. He takes prescription NSAIDs for the occasional pain which he acknowledges help to some extent. It seems likely that plaintiff has some pain in his back because of the need to walk with a cane, but it is not severe. Plaintiff uses the emergency room usually just to refill his medications; most of his "treatment" records are in connection with those visits.

The ALJ was being generous in characterizing plaintiff's acid reflux pain as a "severe" impairment. No doubt it has caused him distress from time to time, but when he is compliant with his medication, it does not seem problematic. It is also clear from the medical records that plaintiff is generally an anxious person and some of the anxiety may stem from his medical impairments. However, he has declined repeated suggestions from his nurse practitioners to obtain mental health counseling, and, as the ALJ found when she considered it, there is nothing in the record to suggest that he has a severe mental impairment.

The ALJ relied heavily on the consulting examiner, who was the only physician that expressed any view as to plaintiff's residual functional capacity. The physician observed plaintiff's need for a cane and his inability to walk on his heels and toes, but other than that, his findings were essentially normal. His assessment was that plaintiff had no limitations sitting and moderate limitations standing and for dynamic movements.

Having reviewed the ALJ's application of the five-factor sequential analysis for determining disability, I can find no procedural or substantive error.  Each of her conclusions are supported by substantial evidence.  Her conclusion at step three that plaintiff's complaints of headaches, high blood pressure, and high cholesterol were not severe impairments is thoroughly supported by the record.  Plaintiff's main problem is that the permanent injury to his ankle causes discomfort, including some secondary pain in his back, but the ALJ accommodated that adequately by finding that plaintiff could do sedentary work with some restrictions on his movements.

For these reasons, the Commissioner's motion for judgment on the pleadings is granted, and the complaint is dismissed.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 24, 2021